## IN THE MATTER OF PEYTON BOND, PRAYING FOR A MONITION.

When an appeal is taken from a decree rendered on an application for a monition, confirming a tax sale, and neither the assessment roll nor the ordinance of the Police Jury levying the tax, nor any adjudication of the property or Sheriff's deed has been offered in evidence, the decree will be reversed.

APPEAL from the District Court of the Parish of Washington, *Wilson, J.* *John Wadsworth,* for plaintiff. *D. N. Hennen,* for defendant and appellant.

MERRICK, C. J. The appellant in this case filed no opposition to the monition in the lower court, but appeals directly from the decree.

The case must, therefore, be considered here on such questions only as were open for consideration in the lower court, and as to those questions, as the record is certified to, contain all the evidence adduced, we have the same means of determining the case as the District Judge.

It is only necessary to consider one of the numerous objections made to the sale.

The sale confirmed by the monition, is a tax sale alleged to have been made May 3, 1846, (more than ten years previous to the monition, as required by the statute,) " of 640 acres of land lying on the waters of Tchefuncta, bounded North by lands of *Squire Lea,* South by *A. Lea,* East and West by public lands, assessed as the property of *F. Lea,* deceased, a non-resident of the parish of Washington, seized to satisfy the State and parish taxes for the years 1842 and 1843, amounting to the sum of eight dollars and thirty-two cents, and costs amounting to the sum of one dollar and sixty-eight cents."

The tract of land really belonged to the *Succession of Franklin W. Lea,* deceased, and his executrix appeals.

Neither the assessment roll, nor the ordinance of the Police Jury, nor any adjudication of the property or Sheriff's deed has been offered in evidence ; there is, therefore, nothing in the record to satisfy the court, that the property has been correctly described, and the price at which it was purchased, truly paid as required by the third and fifth sections of the Act of 1855, p. 463. Phillip's Dig. p. 341.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that said monition and proceedings therein, be dismissed, as in case of non-suit; the appellee paying the cost of both courts.